**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:13-cv-2106

JERALD A. BOVINO,

    Plaintiff,

v.

Incase Designs Corp,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Jerald A. Bovino, by and through counsel, the Fischer Law Firm, P.C. and the Patent Law Offices of Rick Martin, P.C., and he hereby asserts the following patent infringement complaint against the Defendant Incase Designs Corp, and states and avers as follows:

## I. THE PARTIES

1. Plaintiff Jerald A. Bovino, M.D., (hereinafter "Plaintiff Bovino") is a resident of the State of Colorado, having a principal place of residence located at, 804 Hunter Creek Road, Aspen, Colorado 81612.

2. Defendant Incase Designs Corp (hereinafter "Defendant Incase") is a Corporation organized and existing under the laws of the State of California, having a principal place of business at 14351 Pipeline Avenue, Chino, California 91710.  Defendant Incase's registered agent is Jeremy F. Lawrence, 1214 Allen Avenue, Erie, Colorado 80516.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of United States patents arising under 35 U.S.C.

§§271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

4. The Court has personal jurisdiction over Defendant Incase, and venue is proper pursuant to 28 U.S.C. §§1391 and 1400(b). Defendant Incase has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Colorado and within this District, including but not limited to: (i) the marketing, sale and distribution of consumer products; and (ii) the marketing and sale of products for infringing portable computer cases.

5. Defendant Incase has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling, offering for sale and/or leasing certain infringing products, services, and systems in Colorado. Specifically, Defendant Incase sells (directly and/or through intermediaries) infringing portable computer cases in this District.

### III.   PATENT INFRINGEMENT

6. On 12-20-2005, United States Patent No. 6,977,809 (hereinafter '809 Patent[1]) was duly and legally issued for a "Portable Computer Case." A true and correct copy of the '809 Patent is attached hereto as **Exhibit 1**.

7. Plaintiff Bovino owns all rights, title, and interest in and to the '809 Patent and possesses all rights of recovery under said patent, including the right to prosecute this action and to collect damages for all relevant times.

---

[1] Patent Abstract: "The present invention is directed to a portable computer having an integral case that incorporates a resilient material to protect the portable computer from wear and tear encountered when transporting and/or using the portable computer. The integral case also includes a retractable strap means that can be utilized to facilitate the transporting of the portable computer. The integral case for the portable computer also includes an identification pocket on the exterior surface of the integral case for incorporating identification documents for the portable computer."

8. As it pertains to this lawsuit, the '809 Patent is infringed by Defendant Incases's use, sale, offering for sale and/or manufacturing of Portable Computer Cases as detailed herein.

## COUNT I – INFRINGEMENT OF THE '809 PATENT
## DEFENDANT INCASE

9. Plaintiff Bovino incorporates each of the allegations of this Complaint as if fully set forth herein.

10. Defendant Incase has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '809 Patent without Plaintiff Bovino's consent or authorization. Such acts of infringement include, but are not limited to, Defendant Incase's use, sale, provision, and/or operation of its *Book Jacket* series cases for the New iPad, the iPad 2, the iPad 3, and the iPad mini.

11. Plaintiff Bovino has been damaged as a result of Defendant Incase's infringing conduct.

12. Defendant Incase is liable to Plaintiff Bovino in an amount that adequately compensates him for Defendant Incase's infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

13. Defendant Incase is further responsible for the indirect infringement of the '809 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '809 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '809 Patent through their infringing use of Defendant Incase's products.

## IV.  JURY DEMAND

Plaintiff Bovino hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules

of Civil Procedure.

## V. **PRAYER FOR RELIEF**

Plaintiff Bovino requests that the Court find in its favor and against Defendant Incase, and requests the Court to grant Plaintiff Bovino the following relief:

a. For judgment that one or more claims of the '809 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant Incase and/or by others to whose infringement Defendant Incase has contributed and/or by others whose infringement has been induced by Defendant Incase;

b. For judgment for a reasonable royalty for said infringement;

c. For pre-judgment and post-judgment interest on the damages caused by Defendant Incase's infringing activities and other conduct complained of herein;

d. To the extent the evidence supports it, that this Court declare that Defendant Incase has acted willfully in infringement of the '809 Patent and award Plaintiff Bovino damages pursuant to 35 U.S.C. §284;

e. To the extent the evidence supports it, that this Court declare this an exceptional case and award Plaintiff Bovino his reasonable attorney's fees and costs in accordance with 35 U.S.C. §285; and

f. That Plaintiff Bovino be granted all relief to which Plaintiff Bovino is otherwise entitled, and such other and further relief as the Court may deem just and appropriate under the circumstances.

Respectfully submitted, August 7, 2013, by:

ATTORNEYS FOR PLAINTIFF
JERALD A. BOVINO

| FISCHER LAW FIRM, P.C. | PATENT LAW OFFICES OF RICK MARTIN, P.C. |
|---|---|
| */s/ "Ronnie Fischer"* <br> Ronnie Fischer, #35260 <br> Fischer Law Firm, P.C. <br> 1777 South Harrison Street <br> Penthouse – Suite 1500 <br> Denver, Colorado 80210 <br> Telephone: (303) 756-2500 <br> Fax: (303) 756-2506 <br> E-mail: Ronnie@FischerEsq.com | /s/ *Ralph (Rick) Martin* <br> Ralph (Rick) Martin <br> *Original signature on file* <br> Ralph (Rick) Martin, # 20688 <br> P.O. Box 1839 <br> Longmont, Colorado 80502 <br> Telephone: (303) 651-2177 <br> E-mail: rmartin@patentcolorado.com |

Plaintiff:   Jerald A. Bovino, M.D., 804 Hunter Creek Road, Aspen, Colorado 81612.