FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:24 pm, Jan 29, 2014
JEFFREY P. COLWELL, CLERK

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02106-WJM-MJW

JERALD A. BOVINO,

    Plaintiff,

v.

INCASE DESIGNS, CORP,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No 41-1 )

---

In conformance with the stipulation between Plaintiff Jerald A. Bovino ("Plaintiff") and Defendant Incase Designs, Corp ("Defendant"), and good cause appearing, **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order is hereby entered to protect the discovery and dissemination of confidential information or information that will improperly harm, annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

1.     This Protective Order shall apply to all "Protected Material" as defined in Paragraph #3 below.

2.     As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through

1

any computer system or other electronic or optical data storage device. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Protected Material" means any documents exchanged in discovery or pursuant to Rule 26(a) that constitutes sensitive personal, commercial, or trade secret information (the release of which to a competitor would be likely to cause damage or loss), and which is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as provided for in this Order.

4. The designation of "CONFIDENTIAL" is intended to encompass documents, materials and/or information that the designating party or nonparty in good faith believes comprise or encompass confidential or proprietary information, or other commercially sensitive information of a non-public nature, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents ("CONFIDENTIAL information"). CONFIDENTIAL information may also include sensitive personal information, such as Social Security numbers and medical records. Information may be designated by counsel as "CONFIDENTIAL" only after a review of the information, and the designation must be based on a good faith belief that the information is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G). CONFIDENTIAL information provided under this Protective Order may be used only in connection with the prosecution or defense of this action and for no other purpose.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) Attorneys actively working on this case;

    (b) Persons regularly employed or associated with the attorneys actively

working on the case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) The parties;

 (d) Expert witnesses and consultants retained in connection with this proceeding, to the extent that such disclosure is necessary for preparation, trial, or other proceedings in this case;

 (e) The Court and its employees ("Court Personnel");

 (f) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) Deponents, witnesses, or potential witnesses; and

 (h) Other persons by written agreement of the parties.

6. A party may designate Protected Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects CONFIDENTIAL information that is highly confidential and/or sensitive in nature and the producing party reasonably believes that the disclosure of such Protected Material is likely to cause economic harm or significant competitive disadvantage to the producing party if not designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

7. Prior to disclosing any information designated as CONFIDENTIAL to any person listed above in Paragraph #5 (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters) or information designated CONFIDENTIAL-ATTORNEYS' EYES ONLY to any person (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), whom the designating party has given written permission to receive the CONFIDENTIAL information, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form set forth in **EXHIBIT**

A to this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8.  Documents are designated as CONFIDENTIAL or as CONFIDENTIAL ATTORNEYS' EYES ONLY by placing or affixing on them, in a manner that will not interfere with their legibility, the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

9.  Whenever a deposition involves the disclosure of Protected Material, the deposition or portions of the deposition shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation should be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the deposition.

10.  A party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

11.  Any challenge to a designation of Protected Material under this Order shall be written, shall be served on outside counsel for the producing party, shall particularly identify the documents or information that the receiving party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such Protected Material shall be resolved in accordance with the following procedures:

(i) The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the producing party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The producing party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the receiving party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the producing party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

12.   Protected Material designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY may be filed with the Court under Restricted Access only in a manner consistent with D.C.COLO.LCivR 7.2.

13.   Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any party to redact information or

materials for privilege, relevancy or privacy reasons. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

14. In the event that any information or material designated under this Protective Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall seek leave of the Court to file such material under Restricted Access consistent with D.C.Colo.LCivR. 7.2, except that upon the default of the filing party to so designate, any party may do so.

15. If a party inadvertently fails to designate information or materials when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. As soon as the receiving party is informed by the producing or designating party that it is designating previously produced information or materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must reasonably endeavor and in good faith attempt to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials, as well as any copies made by such persons.

16. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

17. Within sixty (60) days after the conclusion of this case, unless other arrangements are agreed upon, each document and all copies that have been designated as CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be returned to the party that designated it, or the parties may elect to destroy such Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO ORDERED:**

Date: January 29, 2014

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## STIPULATION

The parties, through their undersigned Stipulated Protective Order.

*s/ Ronnie Fischer*

Mr. Ronnie Fischer, Esq.
Fischer Law Firm, P.C.
1777 S. Harrison Street
Penthouse – Suite 1500
Denver, CO 80210
Ph: 303-756-2500
Fax: 303-756-2506
Ronnie@FischerEsq.com

and

Mr. Ralph M. Martin, Esq.
Patent Law offices of Rick Martin, P.C.
385 Main Street #200
P. O. Box 1839
Longmont, CO 80502
Ph: 303-651-2177
Fax: 303-678-9953
rmartin@patentcolorado.com

*Attorneys for Plaintiff*

*s/ Brian E. Mitchell*

Mr. Brian E. Mitchell, Esq.
Mr. Marcel DeArmas, Esq.
Mitchell + Company
4 Embarcadero Center
14th Floor, Suite 1400
San Francisco, California 94111
Ph: 415-766-3515
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com
*Attorneys for Defendant*

8