**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2106-WJM-MJW

JERALD A. BOVINO,

    Plaintiff,

v.

INCASE DESIGNS CORP,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

---

Plaintiff Jerald A. Bovino ("Plaintiff") has brought this patent infringement case against Incase Designs Corp. ("Defendant"). Before this Court is Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Northern District of California (the "Motion to Transfer"). (ECF No. 17.) For the reasons set forth below, Defendant's Motion to Transfer is granted.

**I. BACKGROUND**

Plaintiff filed his Complaint on August 7, 2013. (ECF No. 1.) Plaintiff seeks damages for Defendant's alleged infringement on Plaintiff's patent No. 6,977,809, which was issued for a "Portable Computer Case." (*Id.* at 2, 4.)

On October 23, 2013, Defendant filed the instant Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and to Dismiss Plaintiff's Claims of Indirect and Willful Infringement pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion (ECF No. 17.)) Plaintiff filed a Response on November 13, 2013. (ECF No. 26.) Plaintiff filed an

Amended Complaint on November 14, 2013, thus mooting Defendant's Motion to Dismiss as to the original Complaint. (ECF No. 27.) Defendant filed its Reply on November 26, 2013. (ECF No. 33.)

This Motion to Transfer is now ripe for resolution.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district. *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986). The competing equities include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The decision to transfer venue, however, lies in the

sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### III. ANALYSIS

**A.    This Case Might Have Been Brought In The Northern District of Texas**

"Plaintiff does not dispute that [the] Northern District of California is a district where this case could have initially been brought." (ECF No. 26 at 2.) Defendant is a California corporation with an address in San Francisco, in the Northern District of California. (ECF Nos. 27 ¶ 2, 17-1 ¶ 6.) The Court, therefore, finds that this action might have been brought in that district. *See* 28 U.S.C. § 1400(b) ("[A]ny civil action for patent infringement may be brought in the judicial district where the defendant resides."). The Court must next determine whether the "competing equities" weigh in favor of adjudicating the case in the Northern District of California. *See Hustler Magazine*, 790 F.2d at 71.

**B.    The Competing Equities Factors**

**1.    Plaintiff's Choice of Forum**

Plaintiff argues that his choice of forum should be given considerable weight because he is a Colorado resident. (ECF No. 26 at 4.) "[U]nless the balance is strongly in the favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed" by the court. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). However,

little weight is given "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (citation omitted).

Although the infringements alleged in the Complaint have taken place in Colorado because Defendant's products are sold here, they have also taken place in every other district where Defendant's products are sold. (Motion at 8-9.) The Court, therefore, finds that Plaintiff's choice of forum carries little weight. *See Potter Voice Techs. LLC v. Apple, Inc.*, 2013 WL 1333483, at *3 (D. Colo. Mar. 29, 2013) (finding that the plaintiff's choice of forum carried "little weight" where "the infringements alleged [were] not tied to Colorado any more than to other states and districts").

### 2. Witnesses and Other Proof

"The convenience of witnesses is the most important factor in deciding a motion [to transfer venue] under § 1404(a)." *Employers Mut. Cas. Co.*, 618 F.3d at 1169. "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* (quoting *Scheidt*, 956 F.2d at 966) (brackets and internal quotation marks omitted). "In analyzing the accessibility of witnesses, the convenience of non-party witnesses weighs more heavily than the convenience of parties and their employees." *Potter*, 2013 WL 1333483, at *2. Further, the availability of compulsory process can be a key factor in transfer decisions where third party witnesses are located in the transferee district.

*Bailey*, 364 F. Supp. 2d at 1230; *see also Sackett v. Denver & Rio Grande Western R.R. Co.*, 603 F. Supp. 260, 261-62 (D. Col. 1985) (transferring case to Utah where witnesses were subject to subpoena).

It is undisputed that Plaintiff's fact witnesses and relevant documents are located in California.  (ECF No. 17-1 ¶¶ 8-12.)  The accused products were designed and developed in the Northern District of California.  (Motion at 6.)  All of Defendant's witnesses with knowledge regarding the development, design, manufacturing, and marketing of the accused products, including third-party witnesses, reside in San Francisco.  (ECF No. 17-1 ¶¶ 8-9.)  This Court may not be able to secure these third-party witnesses' attendance at trial.  The Northern District of California, however, has the availability of compulsory process to secure their attendance at trial.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (availability of compulsory process weighs in favor of transfer).  Plaintiff, on the other hand, only seeks to call one Colorado witness–himself.[1]  (ECF No. 17-4 at 2.)

As witnesses and documents in this case, including third parties, are located in the Northern District of California, while only Plaintiff is located in Colorado, the Court finds that the second factor weighs in favor of transfer.

### 3. The Cost of Making the Necessary Proof

Defendant argues that it will be more expensive for its several witnesses and counsel to travel to Colorado for trial than it would be for Plaintiff and his attorneys to

---

[1] Plaintiff also references a potential witness who resides in Ohio.  This witness has no impact on the venue transfer analysis.  *See Bailey*, 364 F. Supp. 2d at 1231 (explaining that Defendant's potential witnesses, who were neither from Colorado nor the district of proposed transfer, "have no impact on the transfer analysis").

travel to California.  (Motion at 7.)  Plaintiff responds by arguing that Defendant will not incur significant travel expenses because most of Defendant's proposed witnesses are not necessary for the presentation of Defendant's case and will, therefore, not testify at trial.[2]  (ECF No. 26 at 9.)

The costs Defendant cites, though significant, would only occur in the event that the case proceeds to trial and the witnesses are all called to testify.  "Nevertheless, for the purposes of weighing the competing equities, the Court cannot assume . . . that the witnesses' travel will otherwise be unnecessary."  *Aurora Commercial Corp. v. Lenox Fin. Mortg. Corp.*, 2013 WL 5200231, at *4 (D. Colo. Sept. 16, 2013).  Litigating in California would reduce the overall cost of litigation.  Therefore, the Court finds that the third factor weighs in favor of transfer.  *See Potter*, 2013 WL 1333483, at *3 (finding cost factor weighs in favor of transfer where "it would be more expensive for several Apple witnesses to travel to Colorado for trial than it would be for Potter's one witness . . . to travel to California for trial").

### 4. All Other Factors and Considerations

The parties have supplied no evidence or argument weighing either way as to all other factors.  Thus, the Court finds that the remaining competing equities factors are neutral as applied to this case.

---

[2] Plaintiff also argues that "[t]he origin of Defendant's accused products has no relevance to this case" and "[a]ny argument with respect to inconvenience of the transfer of documents is unpersuasive."  (ECF No. 26 at 10.)  Defendant agrees, and notes that it "did not rely on the transportation costs of documents or physical samples in support of its argument under the cost prong of its opening brief."  (ECF No. 33 at 6.)  Therefore, the Court will not factor Plaintiff's argument into its analysis.

**C.      Summary of Convenience Factors**

Based on the above analysis, the factors involving convenience of the witnesses and the cost of making the required proof in this case favor transfer. Aside from Plaintiff's interest in his choice of forum, none of the factors that the applicable case law directs this Court to consider weigh in Plaintiff's favor on the transfer question. As such, the Court finds that the above competing equities favor transferring this case to the Northern District of California, and Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) is granted.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Northern District of California (ECF No. 17) is GRANTED; and

2.      The Clerk is directed to transfer the case record to the District Court for the Northern District of California.

Dated this 6th day of May, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge